FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 9 2007

JAMES N. HATTEN, Clerk
By: [signature]
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARRYL LEONARD SCOTT, Inmate # GDC 520354, EF 572279, Plaintiff, | CIVIL ACTION NO. 1:06-CV-2427-CC |
| v. | |
| SHERIFF TOM BROWN, CHIEF JAILER, DeKalb County Jail, DEKALB COUNTY BOARD OF COMMISSIONERS, Defendants. | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, a former inmate at the DeKalb County Jail in Lawrenceville, Georgia, filed the instant pro se 42 U.S.C. § 1983 action on October 10, 2006. [Doc. 1.] Plaintiff has been granted in forma pauperis status, and the matter is now before the Court for a 28 U.S.C. § 1915A screening.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

Plaintiff sets forth the following allegations against DeKalb County Sheriff Tom Brown, his Chief Jailer, and the DeKalb County Board of Commissioners. [Doc. 1 ¶ III.] Plaintiff alleges that he was arrested on August 6, 2004, and placed in Dorm

AO 72A
(Rev.8/82)

6 NE 100 at the DeKalb County Jail "on or near the second week in September 2004." Plaintiff states that he contracted a "staph infection" from a fellow inmate who had been hospitalized for seven days in September 2004 with a "severe staph infection" and then returned to Dorm 6 NE 100. [Doc. 1 attach. at 1-2; Doc. 4 at 1-2.] Plaintiff alleges that during the several months before and after September 2004, "there was a[n] outbreak of staph infections at the Jail" resulting from Defendants' deliberate indifference. [Doc. 1 attach. at 2.] Plaintiff contends that he suffered "weeks of terrible pain and suffering" due to the policies and procedures at the Jail, which were in violation of a "25 page court ordered settlement agreement stemming from a[n] earlier civil action" concerning Jail conditions.[1] [Id. at 2-5.]

Specifically, Plaintiff contends that Defendants (1) housed seriously ill inmates with unsuspecting healthy ones, including himself; (2) violated a court order that addressed the Jail's deficient policies in this regard; (3)-(4) prevented inmates from properly sanitizing their living areas and themselves in order to prevent the spread of infection; (5) failed to provide adequate plumbing, which facilitated the spread of

---

[1] Plaintiff apparently is referring to state court proceedings that include Dorsey v. Adams, 564 S.E.2d 847, 848 (Ga. Ct. App. 2002), wherein the Georgia Court of Appeals affirmed the trial court's finding that "DeKalb County [was] in contempt for violating a settlement agreement, which had been adopted as the order of the court, to provide medical care to inmates at the county jail."

infection due to "standing water in sinks for months" and showers and drains "infested with fruit flies and other insects"; and (6) allowed rain water mixed with bird feces, from leaky ceilings, and/or human waste, from overflowing toilets, to pour down onto the heads of inmates. [Id. at 6-10.] Plaintiff asks this Court "to force" Defendants "to make all of the plumbing and structural repairs needed to make the Jail safe" and to "abide by their agreement in the 2002 civil action." [Id. at 12.] Plaintiff also requests two million dollars in punitive damages. [Doc. 12 "Statement of Claim Attachment" at 6.]

### III. Discussion

**A.    Eighth Amendment – conditions of confinement**

For there to be a violation of the Eighth Amendment constituting cruel and unusual punishment, "[f]irst, there must be, objectively speaking, conduct by public officials sufficiently serious to constitute a cruel or unusual deprivation—one denying the minimal civilized measure of life's necessities. Second, there must be a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (citations and internal quotations omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," however, "extreme

4

deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotations omitted). See also Wilson v. Seiter, 501 U.S. 294, 298 (1991) (noting that "[t]he Constitution . . . does not mandate comfortable prisons") (internal quotations omitted). Nevertheless, in order to prevail on an Eighth Amendment challenge to his conditions of confinement, a prisoner "need not await a tragic event before seeking relief, [but] he must at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citation and internal quotations omitted). Based on Defendants' alleged failure to take remedial measures to prevent the spread of the infection that Plaintiff and others at the Jail allegedly contracted, it appears that Plaintiff may be able to make out a viable Eighth Amendment claim for relief.

**B.   Injunctive relief and punitive damages**

"The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984). Plaintiff was transferred to Baldwin State Prison on November 9, 2006. [See Doc. 7]; www.dcor.state.ga.us at "Georgia Inmate Query" for GDC ID Number 520354. Accordingly, Plaintiff's claims for

injunctive relief, i.e., for repairs to the DeKalb County Jail, are now moot. He may still seek monetary damages, but he may not seek punitive damages against the DeKalb County Board of Commissioners, the official policymaking body of DeKalb County, which is due to be dismissed from this lawsuit. See Newport v. Fact Concerts, 453 U.S. 247, 271 (1981) (stating that "a municipality is immune from punitive damages under 42 U.S.C. § 1983").

## C.  Eleventh Amendment immunity

A Georgia Sheriff enjoys Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against him in his official capacity. See Purcell v. Toombs County, 400 F.3d 1313, 1325 (11th Cir. 2005) (concluding that a Georgia Sheriff "functions as an arm of the State [not the County] when promulgating policies and procedures governing conditions of confinement" at a county jail, and, therefore, the Sheriff was "entitled to Eleventh Amendment immunity from [a] suit [for money damages] in his official capacity"). However, the Eleventh Amendment does not protect a state official from claims brought against him in his individual capacity. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991) (holding that "the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983" and that "state officers [are not]

6

absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts") (internal quotations omitted). Therefore, Sheriff Brown and his Chief Jailer may not be dismissed from this action based on their Eleventh Amendment immunity to claims against them in their official capacities, for Plaintiff may be seeking to recover from them in their individual capacities. See Hobbs v. Roberts, 999 F.2d 1526, 1528 (11th Cir. 1993) (stating that "[w]here the complaint is unclear on whether officials are sued personally, in their official capacity, or *both*, courts must look to the course of the proceedings which will typically indicate the nature of the liability sought to be imposed") (internal quotations omitted).

## IV. Conclusions

For the foregoing reasons, this Court finds that Plaintiff has alleged a cause of action – for deliberate indifference to unconstitutional conditions of confinement at the DeKalb County Jail – that passes muster under 28 U.S.C. § 1915A. It does not appear beyond doubt that Plaintiff could prove no set of facts that would entitle him to relief. Accordingly, in light of the allegations presented, and in deference to Plaintiff's pro se status, **IT IS ORDERED** that his claims be allowed to **PROCEED** as in any other civil action against Sheriff Brown and his Chief Jailer with respect to the conditions at the DeKalb County Jail that allegedly caused Plaintiff to contract a

staphylococcus infection. As noted above, however, the DeKalb County Board of Commissioners is **DISMISSED** from this action.

Plaintiff's motions for appointment of counsel [Docs. 3, 6] are **DENIED**. To date, Plaintiff has presented his claims adequately. Moreover, the Court does not find that the facts or issues in this case are so complex as to warrant appointment of counsel at this time. See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (noting that appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues . . . so novel or complex as to require the assistance of a trained practitioner") (internal quotations omitted).

## V. Service of process and related matters

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for each remaining Defendant (Sheriff Brown and the Chief Jailer at the DeKalb County Jail) along with an initial disclosures form. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each Defendant, complete the initial disclosures form, and return all of the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for each Defendant.

Upon completion of a service waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S.

AO 72A
(Rev.8/82)

Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and each Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of the existing discovery period. See N.D. Ga., LR 26.2.A., LR 26.2.B.

**IT IS SO ORDERED** this 9th day of February, 2007.

*/s/ Clarence Cooper*
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

11